Argued January 26, affirmed February 15, 1950

## COOK *v.* LOMER
### 215 P. (2d) 359

*William E. Dougherty,* of Portland, argued the cause for appellant. On the briefs were Maguire, Shields, Morrison & Bailey and James G. Smith, all of Portland.

*Nels Peterson,* of Portland, argued the cause for respondent. On the brief were Green, Landye & Peterson, of Portland.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN and HAY, Justices.

BELT, J.

This is an action to recover damages for personal injuries sustained in a collision between a motorcycle and an automobile at the intersection of North Richmond avenue and North Columbia boulevard in the city of Portland. At the conclusion of the testimony the defendant moved for a directed verdict on the ground that it affirmatively appeared from the plaintiff's own testimony that he was guilty of contributory negligence as a matter of law. The cause, however, was submitted to the jury and a verdict returned in favor of the plaintiff. From the judgment based on the verdict, the defendant appeals, assigning as sole error the refusal of the court to direct a verdict or to grant the motion for judgment notwithstanding the verdict.

The court submitted to the jury two specifications of negligence against the defendant, viz.: (1) Failing to give a signal for a left turn. (2) Failing to keep proper lookout for vehicular traffic. The defendant charged the plaintiff with contributory negligence in the following particulars: (1) Excessive speed. (2) Failing to keep proper lookout. (3) Failing to have motorcycle under control. (4) Failing to give right of way to defendant's automobile.

North Richmond avenue runs in a general northerly and southerly direction. North Columbia boulevard is a "through" or arterial street running in a northeasterly and southwesterly direction. It is 48 feet in

width at the place of the collision. North Jersey street runs in an easterly and westerly direction. The following map shows the locus in quo:

About 11:45 o'clock in the morning of September 10, 1946, the plaintiff, accompanied by Raymond Franske, was driving his motorcycle in a northeasterly direction on North Columbia boulevard. It was a clear day and the pavement was dry. Plaintiff testified that when he was about one block from where the collision occurred, he first saw the defendant at a place indicated on the map by the letter (X) and that he was driving his automobile in a northerly direction in the intersection at a speed of fifteen miles per hour. After stopping the motorcycle about a block distant from the point of impact to permit some school children to cross the street, plaintiff proceeded on Columbia boulevard in second gear at a speed of 20 to 25 miles per hour.

Plaintiff testified that he continued to watch defendant's car as it proceeded in the same general direction and that he saw no signal of the defendant indicating any intention to change his course. Plaintiff, however, assumed that defendant was going to make a right-hand turn into Columbia and, therefore, did not reduce his speed. Plaintiff states that he first realized that defendant was not going to turn to the right but was going straight ahead across Columbia when he was about thirty feet from point of impact. Plaintiff says that defendant "paused" momentarily before entering Columbia proper and that at the time of the impact was only going ten miles per hour. Plaintiff testified that when defendant "pulled in front of him," he put on his brakes and swerved to the left to avoid the collision, which occurred about four feet north of the center line of Columbia, as indicated by the circle on the map.

Defendant testified that he stopped his car at a "stop sign" before entering the intersection and then proceeded "straight ahead" intending to go to the

Shell gasoline service station on the north side of Columbia. Defendant testified that he had his hand out for a left turn "to indicate that I was going to cross traffic." He said that the motorcycle struck him when he "got about in the middle of the street." Officer Earl L. Bucknum, who investigated the accident, testified that he asked the defendant whether he had seen the vehicle and that he stated "that at the time he figured that he had seen it but it was far enough up the street not to be an immediate hazard." We observe in the original answer of the defendant the allegation that he gave a signal and "was *proceeding to turn* at the intersection of north Richmond Avenue and north Columbia Boulevard when, through the negligence of plaintiff, an accident occurred." (Italics ours.) If defendant was traveling "straight ahead," there would be no occasion to make any signal to turn. Counsel for defendant conceded that it would have been negligence on the part of the defendant if he had failed to have given a signal for a left-hand turn.

Section 115-337, subd. (b), O. C. L. A., provides:

"Vehicles entering a through highway. The driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

■ It is contended that plaintiff had no reasonable ground upon which to base the assumption that defendant was going to turn right on Columbia. We think that is a question concerning which reasonable-minded

persons might well differ and, therefore, it was a question of fact for the jury to decide. Plaintiff was familiar with the intersection. Vehicular traffic leaving North Richmond would ordinarily immediately turn to the left, if the driver intended to go west on Columbia. We concur in the opinion of the trial judge that it would be unusual for a motorist leaving Richmond avenue to go "straight ahead" to Columbia, if he intended to go west on such through street. The plaintiff had no reason to believe that defendant was going to the Shell service station on the north side of Columbia. It was reasonable for the plaintiff to assume that defendant was going east on Columbia, although he saw no signal indicating his intention so to do. We agree that plaintiff's testimony that he saw no signal tends to support defendant's contention that there was no reason for the plaintiff to assume that defendant was going to make a right turn on Columbia, but such evidence does not conclusively establish that the assumption was unreasonable.

■■ In determining whether plaintiff was guilty of contributory negligence as a matter of law, we must, as counsel well know, view the evidence in the most favorable light to plaintiff and give to him the benefit of every reasonable inference that can be drawn from the evidence. Having in mind these elementary principles, we think the issue of contributory negligence was one for the jury to decide. Obviously, each case must be considered in the light of its own facts. We have examined the authorities cited by defendant-appellant and find none of them to be of much assistance, as they involve a materially different factual situation from the one at bar.

The judgment is affirmed.